**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Terria Holcomb, as Personal Represenative For the Estate of Darius L.J. Holcomb, | ) ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS SPARTANBURG** |
| | ) | **COUNTY, SPARTANBURG COUNTY** |
| vs. | ) | **SHERIFF'S OFFICE AND CHUCK** |
| | ) | **WRIGHT IN HIS CAPACITY AS** |
| Spartanburg County, Spartanburg County | ) | **SHERIFF OF THE SPARTANBURG** |
| Sheriff's Office, Officer Wesley E. Bennett | ) | **COUNTY SHERIFF'S OFFICE** |
| both individually and in his capacity as a | ) | **ANSWER TO PLAINTIFF'S** |
| deputy of the Spartanburg County Sheriff's | ) | **COMPLAINT** |
| Office and Chuck Wright, in his capacity as | ) | |
| the Sheriff of the Spartanburg County | ) | **(JURY TRIAL REQUESTED)** |
| Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

These Defendants, Spartanburg County, Spartanburg County Sheriff's Office and Chuck Wright in his capacity as Sheriff of the Spartanburg County Sheriff's office, above-named, answering the Complaint of the Plaintiff herein, would respectfully show unto this Honorable Court that:

## FOR A FIRST DEFENSE

1.  Upon information and belief, these Defendants admit the allegations contained in Paragraph One of the Plaintiff's Complaint.

2.  As to the allegations contained in Paragraph Two of the Plaintiff's Complaint, these Defendants specifically admit that Spartanburg County is a government agency/entity existing under the laws of the State of South Carolina and located in Spartanburg County, South Carolina. However, the Defendants lack sufficient knowledge and information to form a belief as to the remaining allegations

contained in Paragraph Two of the Plaintiff's Complaint therefore deny same.

3.    As to the allegations contained in Paragraph Three of the Plaintiff's Complaint, these Defendants specifically admit that the Chuck Wright is Sheriff of Spartanburg County and is constitutional officer of the State of South Carolina, oversees his office which includes commissioned and non-commissioned personnel acting at the pleasure of the Sheriff in order to enforce the laws and code of the County of Spartanburg and/or State of South Carolina. However, these Defendants deny the remaining allegations contained in Paragraph Three of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

4.    In as much as the allegations contained in Paragraph Four of the Plaintiff's Complaint relate to a Defendant other than these named Defendants, these Defendants neither admit nor deny same but demand strict proof thereof.

5.    These Defendants admit the allegations contained in Paragraph Five of the Plaintiff's Complaint, and would further show Sheriff Wright is a constitutional officer of the State of South Carolina.

6.    In as much as the allegations contained in Paragraph Six of the Plaintiff's Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

7.    These Defendants admit the allegations contained in Paragraph Seven of the Plaintiff's Complaint.

8.    In as much as the allegations contained in Paragraph Eight of the Plaintiff's Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

9.      These Defendants deny the allegations contained in Paragraph Nine of the Plaintiff's Complaint.

10.     As to the allegations contained in Paragraph Ten of the Plaintiff's Complaint, these Defendants specifically admit that the Plaintiff's Complaint arises from an incident involving Darius Holcomb which occurred in the City of Spartanburg on or about February 2, 2023; however, these Defendants deny the remaining allegations contained in Paragraph Ten of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

11.     As to the allegations contained in Paragraph Eleven of the Plaintiff's Complaint, these Defendants specifically admit that, upon information and belief, officers from the Spartanburg Police Department had dealings with Darius Holcomb prior to February 2, 2023, and had attempted to serve an arrest warrant on Holcomb prior to that date; however, these Defendants deny the remaining allegations contained in Paragraph Eleven of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

12.     These Defendants deny the allegations contained in Paragraph Twelve of the Plaintiff's Complaint.

13.     These Defendants deny the allegations contained in Paragraph Thirteen of the Plaintiff's Complaint.

14.     These Defendants deny the allegations contained in Paragraph Fourteen of the Plaintiff's Complaint as stated.

15.     As to the allegations contained in Paragraph Fifteen of the Plaintiff's Complaint, these Defendants specifically admit that Deputy Shawn Coates sent a text to an

officer of the Spartanburg City Police Department and said text speaks for itself; further, these Defendants deny the remaining allegations contained in Paragraph Fifteen of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

16.    These Defendants deny the allegations contained in Paragraph Sixteen of the Plaintiff's Complaint.

17.    These Defendants deny the allegations contained in Paragraph Seventeen of the Plaintiff's Complaint.

18.    These Defendants deny the allegations contained in Paragraph Eighteen of the Plaintiff's Complaint.

19.    These Defendants deny the allegations contained in Paragraph Nineteen of the Plaintiff's Complaint.

20.    These Defendants deny the allegations contained in Paragraph Twenty of the Plaintiff's Complaint.

21.    These Defendants deny the allegations contained in Paragraph Twenty-One of the Plaintiff's Complaint.

22.    These Defendants deny the allegations contained in Paragraph Twenty-Two of the Plaintiff's Complaint.

23.    These Defendants deny the allegations contained in Paragraph Twenty-Three of the Plaintiff's Complaint.

24.    These Defendants deny the allegations contained in Paragraph Twenty-Four of the Plaintiff's Complaint.

25.    These Defendants deny the allegations contained in Paragraph Twenty-Five of the

Plaintiff's Complaint.

26.     These Defendants deny the allegations contained in Paragraph Twenty-Six of the Plaintiff's Complaint.

27.     These Defendants deny the allegations contained in Paragraph Twenty-Seven of the Plaintiff's Complaint.

28.     These Defendants deny the allegations contained in Paragraph Twenty-Eight of the Plaintiff's Complaint.

29.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Twenty-Nine of the Plaintiff's Complaint therefore deny same.

30.     In as much as the allegations contained in Paragraph Thirty of the Plaintiff's Complaint state legal conclusions, these Defendants neither admit nor deny same but demand strict proof thereof.

31.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-One of the Plaintiff's Complaint therefore deny same.

32.     These Defendants deny the allegations contained in Paragraph Thirty-Two of the Plaintiff's Complaint.

33.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-Three of the Plaintiff's Complaint therefore deny same.

34.     These Defendants admit the allegations contained in Paragraph Thirty-Four of the Plaintiff's Complaint.

35.     As to the allegations contained in Paragraph Thirty-Five of the Plaintiff's Complaint, these Defendants specifically admit that Darius Holcomb had active warrants for resisting arrest and a bench warrant for failure to appear issued by a competent Court under the laws of the State of South Carolina; however, these Defendants lack sufficient knowledge and information to form a belief as to the remaining allegations contained in Paragraph Thirty-Five of the Plaintiff's Complaint therefore deny same.

36.     These Defendants deny the allegations contained in Paragraph Thirty-Six of the Plaintiff's Complaint.

37.     These Defendants admit the allegations contained in Paragraph Thirty-Seven of the Plaintiff's Complaint.

38.     These Defendants admit the allegations contained in Paragraph Thirty-Eight of the Plaintiff's Complaint.

39.     These Defendants admit the allegations contained in Paragraph Thirty-Nine of the Plaintiff's Complaint.

40.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty of the Plaintiff's Complaint therefore deny same.

41.     Upon information and belief, these Defendants admit the allegations contained in Paragraph Forty-One of the Plaintiff's Complaint.

42.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Two of the Plaintiff's Complaint therefore deny same.

43.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Three of the Plaintiff's Complaint therefore deny same.

44.    Upon information and belief these Defendants admit the allegations contained in Paragraph Forty-Four of the Plaintiff's Complaint.

45.    Upon information and belief these Defendants admit the allegations contained in Paragraph Forty-Five of the Plaintiff's Complaint.

46.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Six of the Plaintiff's Complaint therefore deny same.

47.    Upon information and belief these Defendants admit the allegations contained in Paragraph Forty-Seven of the Plaintiff's Complaint.

48.    As to the allegations contained in Paragraph Forty-Eight of the Plaintiff's Complaint, these Defendants specifically admit that a warrant was issued because Darius Holcomb failed to register as a sex offender as required by South Carolina law and also failed to pay a $100.00 fine as required by South Carolina law; however, these Defendants deny the remaining allegations contained in Paragraph Forty-Eight of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

49.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Nine of the Plaintiff's Complaint therefore deny same.

50.    These Defendants lack sufficient knowledge and information to form a belief as to

the allegations contained in Paragraph Fifty of the Plaintiff's Complaint therefore deny same.

51.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-One of the Plaintiff's Complaint therefore deny same.

52.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Two of the Plaintiff's Complaint therefore deny same.

53.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Three of the Plaintiff's Complaint therefore deny same.

54.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Four of the Plaintiff's Complaint therefore deny same.

55.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Five of the Plaintiff's Complaint therefore deny same.

56.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Six of the Plaintiff's Complaint therefore deny same.

57.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Seven of the Plaintiff's Complaint therefore deny same.

58.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Eight of the Plaintiff's Complaint therefore deny same.

59.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifty-Nine of the Plaintiff's Complaint therefore deny same.

60.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Sixty of the Plaintiff's Complaint therefore deny same.

61.    As to the allegations contained in Paragraph Sixty-One of the Plaintiff's Complaint, these Defendants specifically admit that Officer Dylan Davis sent Deputy Coates text messages which speak for themselves; however, these Defendants deny the remaining allegations contained in Paragraph Sixty-One of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

62.    As to the allegations contained in Paragraph Sixty-Two of the Plaintiff's Complaint, these Defendants specifically admit that Officer Dylan Davis sent Deputy Coates text messages which speak for themselves; however, these Defendants deny the remaining allegations contained in Paragraph Sixty-Two of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

63.    As to the allegations contained in Paragraph Sixty-Three of the Plaintiff's Complaint, these Defendants specifically admit that Officer Dylan Davis sent Deputy Coates text messages which speak for themselves; however, these

Defendants deny the remaining allegations contained in Paragraph Sixty-Three of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

64. As to the allegations contained in Paragraph Sixty-Four of the Plaintiff's Complaint, these Defendants specifically admit that Officer Dylan Davis sent Deputy Coates text messages which speak for themselves; however, these Defendants deny the remaining allegations contained in Paragraph Sixty-Four of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

65. As to the allegations contained in Paragraph Sixty-Five of the Plaintiff's Complaint, these Defendants specifically admit that Officer Dylan Davis sent Deputy Coates text messages which speak for themselves; however, these Defendants deny the remaining allegations contained in Paragraph Sixty-Five of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

66. As to the allegations contained in Paragraph Sixty-Six of the Plaintiff's Complaint, these Defendants specifically admit that Officer Dylan Davis sent Deputy Coates text messages which speak for themselves; however, these Defendants deny the remaining allegations contained in Paragraph Sixty-Six of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

67. As to the allegations contained in Paragraph Sixty-Seven of the Plaintiff's Complaint, these Defendants specifically admit that on or about February 2, 2023, members of the Spartanburg County Sheriff's Office responded to the Holcomb home assist in serving warrants and in order to arrest Darius Holcomb; further,

these Defendants specifically admit that some of these officers were members of the SWAT team. However, these Defendants deny the remaining allegations contained in Paragraph Sixty-Seven of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

68.     These Defendants deny the allegations contained in Paragraph Sixty-Eight of the Plaintiff's Complaint.

69.     As to the allegations contained in Paragraph Sixty-Nine of the Plaintiff's Complaint, these Defendants specifically admit that on at least two occasions chemical munitions were deployed into Darius Holcomb's bedroom in order to obtain his cooperation and surrender for lawful arrests which he refused; however, these Defendants deny the remaining allegations contained in Paragraph Sixty-Nine of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

70.     These Defendants admit the allegations contained in Paragraph Seventy of the Plaintiff's Complaint.

71.     As to the allegations contained in Paragraph Seventy-One of the Plaintiff's Complaint, these Defendants specifically admit that on at least two occasions chemical munitions were deployed into Darius Holcomb's bedroom in order to obtain his cooperation and surrender for lawful arrests which he refused; however, these Defendants deny the remaining allegations contained in Paragraph Seventy-One of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

72.     These Defendants admit the allegations contained in Paragraph Seventy-Two of the

Plaintiff's Complaint.

73.    As to the allegations contained in Paragraph Seventy-Three of the Plaintiff's Complaint, these Defendants specifically admit that the door to Darius Holcomb's bedroom was breached and a K-9 officer was deployed into his room; however, these Defendants deny the remaining allegations contained in Paragraph Seventy-Three which are in addition to or inconsistent with these admissions.

74.    As to the allegations contained in Paragraph Seventy-Four of the Plaintiff's Complaint, these Defendants specifically admit that Deputy Coates breached the door to Darius Holcomb's bedroom and Deputy Shane Shehan deployed K-9 Officer Atlas into the bedroom; further, these Defendants admit that Darius Holcomb attempted to stab the K-9 Officer Atlas with a large grilling fork causing injury to the K-9 Officer; however, these Defendant deny the remaining allegations contained in Paragraph Seventy-Four of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

75.    As to the allegations contained in Paragraph Seventy-Five of the Plaintiff's Complaint, these Defendants specifically admit that after Darius Holcomb began stabbing K-9 Officer Atlas in his bedroom with a large grilling fork causing injury to the K-9 Officer, Sargent Wesley Bennett discharged his department issued service weapon at Darius Holcomb, firing five times and striking Darius Holcomb four times; however, these Defendants deny the remaining allegations contained in Paragraph Seventy-Five of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

76.    These Defendants admit the allegations contained in Paragraph Seventy-Six of the

Plaintiff's Complaint.

77.    These Defendants admit the allegations contained in Paragraph Seventy-Seven of the Plaintiff's Complaint.

78.    These Defendants deny the allegations contained in Paragraph Seventy-Eight of the Plaintiff's Complaint.

79.    These Defendants deny the allegations contained in Paragraph Seventy-Nine of the Plaintiff's Complaint.

80.    These Defendants deny the allegations contained in Paragraph Eighty of the Plaintiff's Complaint.

81.    These Defendants deny the allegations contained in Paragraph Eight-One of the Plaintiff's Complaint.

82.    These Defendants deny the allegations contained in Paragraph Eighty-Two of the Plaintiff's Complaint.

83.    These Defendants deny the allegations contained in Paragraph Eighty-Three of the Plaintiff's Complaint.

84.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

85.    These Defendants deny the allegations contained in Paragraph Eighty-Five of the Plaintiff's Complaint.

86.    These Defendants deny the allegations contained in Paragraph Eighty-Six of the Plaintiff's Complaint.

87.    These Defendants deny the allegations contained in Paragraph Eighty-Seven of the Plaintiff's Complaint.

88.     These Defendants deny the allegations contained in Paragraph Eighty-Eight of the Plaintiff's Complaint.

89.     These Defendants deny the allegations contained in Paragraph Eighty-Nine of the Plaintiff's Complaint.

90.     These Defendants deny the allegations contained in Paragraph Ninety of the Plaintiff's Complaint.

91.     These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

92.     These Defendants deny the allegations contained in Paragraph Ninety-Two of the Plaintiff's Complaint.

93.     These Defendants deny the allegations contained in Paragraph Ninety-Three of the Plaintiff's Complaint.

94.     These Defendants deny the allegations contained in Paragraph Ninety-Four of the Plaintiff's Complaint.

95.     These Defendants deny the allegations contained in Paragraph Ninety-Five of the Plaintiff's Complaint.

96.     These Defendants deny the allegations contained in Paragraph Ninety-Six of the Plaintiff's Complaint.

97.     These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

98.     These Defendants deny the allegations contained in Paragraph Ninety-Eight of the Plaintiff's Complaint.

99.     These Defendants deny the allegations contained in Paragraph Ninety-Nine of the

Plaintiff's Complaint.

100.    These Defendants deny the allegations contained in Paragraph One Hundred of the Plaintiff's Complaint.

101.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

102.    These Defendants deny the allegations contained in Paragraph One Hundred Two of the Plaintiff's Complaint.

103.    These Defendants deny the allegations contained in Paragraph One Hundred Three of the Plaintiff's Complaint.

104.    These Defendants deny the allegations contained in Paragraph One Hundred Four of the Plaintiff's Complaint.

105.    These Defendants deny the allegations contained in Paragraph One Hundred Five of the Plaintiff's Complaint.

106.    These Defendants deny the allegations contained in Paragraph One Hundred Six of the Plaintiff's Complaint.

107.    These Defendants deny the allegations contained in Paragraph One Hundred Seven of the Plaintiff's Complaint.

108.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

109.    These Defendants deny the allegations contained in Paragraph One Hundred Nine of the Plaintiff's Complaint.

110.    These Defendants deny the allegations contained in Paragraph One Hundred Ten of the Plaintiff's Complaint.

111.   These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

112.   These Defendants deny the allegations contained in Paragraph One Hundred Twelve of the Plaintiff's Complaint.

113.   These Defendants deny the allegations contained in Paragraph One Hundred Thirteen of the Plaintiff's Complaint.

114.   These Defendants deny the allegations contained in Paragraph One Hundred Fourteen of the Plaintiff's Complaint.

115.   These Defendants deny the allegations contained in Paragraph One Hundred Fifteen of the Plaintiff's Complaint.

116.   These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

117.   These Defendants deny the allegations contained in Paragraph One Hundred Seventeen of the Plaintiff's Complaint.

118.   These Defendants deny the allegations contained in Paragraph One Hundred Eighteen of the Plaintiff's Complaint.

119.   These Defendants deny the allegations contained in Paragraph One Hundred Nineteen of the Plaintiff's Complaint.

120.   These Defendants deny the allegations contained in Paragraph One Hundred Twenty of the Plaintiff's Complaint.

121.   These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

122.   These Defendants deny the allegations contained in Paragraph One Hundred

Twenty-Two of the Plaintiff's Complaint.

123.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Three of the Plaintiff's Complaint.

124.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Four of the Plaintiff's Complaint.

125.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

126.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Six of the Plaintiff's Complaint.

127.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Seven of the Plaintiff's Complaint.

128.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Eight of the Plaintiff's Complaint.

129.    These Defendants deny the allegations contained in Paragraph One Hundred Twenty-Nine of the Plaintiff's Complaint.

130.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

131.    These Defendants deny the allegations contained in Paragraph One Hundred Thirty-One of the Plaintiff's Complaint.

132.    These Defendants deny the allegations contained in Paragraph One Hundred Thirty-Two of the Plaintiff's Complaint.

133.    These Defendants deny the allegations contained in Paragraph One Hundred Thirty-Three of the Plaintiff's Complaint.

134.    These Defendants deny the allegations contained in Paragraph One Hundred Thirty-Four of the Plaintiff's Complaint.

## FOR A SECOND DEFENSE

135.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

136.    These Defendants allege that the Complaint of the Plaintiff fails to state a claim to and, therefore the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE

137.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

138.    These Defendants assert all rights and defenses under §15-78-30 (f) & (g) of the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FOURTH DEFENSE

139.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

140.    This Defendant asserts all rights and defenses under §15-78-60; including but not limited to subsections, 1, 2, 3, 4, 5, 17, 18, 19 and 25 of the South Carolina Code of Laws therefore the Plaintiff's Complaint should be dismissed.

## FOR A FIFTH DEFENSE

141.    These Defendants adopt and reallege each and every allegation set forth above, and

not inconsistent herewith, as if fully repeated herein.

142.    These Defendants assert all defenses and immunities pursuant to §15-78-70 of the
South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

**FOR A SIXTH DEFENSE**

143.    These Defendants adopt and reallege each and every allegation set forth above, and
not inconsistent herewith, as if fully repeated herein.

144.    These Defendants assert all rights and defenses under §15-78-100 of the South
Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

**FOR A SEVENTH DEFENSE**

145.    These Defendants adopt and reallege each and every allegation set forth above, and
not inconsistent herewith, as if fully repeated herein.

146.    These Defendants assert all defenses and immunities pursuant to §15-78-110 of the
South Carolina Code of Laws and, therefore, the Plaintiff's Complaint should be
dismissed.

**FOR AN EIGHTH DEFENSE**

147.    These Defendants adopt and reallege each and every allegation set forth above, and
not inconsistent herewith, as if fully repeated herein.

148.    These Defendants assert all rights and defenses under §15-78-120 of the South
Carolina Code of Laws; including, but not limited to, the limitation on damages and
prohibition against punitive damages; therefore, the Plaintiff's Complaint should
be dismissed.

**FOR A NINTH DEFENSE**

149.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

150.    This Defendant asserts all defenses and immunities pursuant to §15-78-200 of the South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

## FOR A TENTH DEFENSE

151.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

152.    These Defendants hereby assert that they are entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982), and therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN ELEVENTH DEFENSE

153.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

154.    These Defendants assert all immunities under the 11th Amendment of the United States Constitution; therefore, the Plaintiffs' Amended Complaint should be dismissed.

## FOR A TWELFTH DEFENSE

155.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

156.    These Defendants would show that in regard to the allegations of wrongdoing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiff's causes of action against these Defendants. Therefore, the Plaintiff's Complaint should be

dismissed.

### FOR A THIRTEENTH DEFENSE

157.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

158.  These Defendants move to strike the Plaintiff's claims for intentional infliction of emotional distress and punitive damages as those claims are not permitted under §15-78-30 (f) &(g) and §15-78-120 of the South Carolina Code of Laws therefore pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, these claims should be dismissed.

### FOR A FOURTEENTH DEFENSE

159.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

160.  These Defendants assert that they were never deliberately indifferent to any of the Darius Holcomb's needs or rights and, therefore, the Plaintiff's Complaint should be dismissed.

### FOR A FIFTEENTH DEFENSE

161.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

162.  These Defendants would show that their actions with regard to the Plaintiff was based upon an objectively reasonable right based upon the existing law, which objective reasonable rights is a complete bar to Plaintiff's causes of actions against these Defendants.  Therefore, Plaintiff's Complaint should be dismissed.

### FOR A SIXTEENTH DEFENSE

163.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

164.  These Defendants assert that they are not "persons" for purposes under 42 USC §1983, therefore, the Plaintiff's Complaint should be dismissed.

### FOR A SEVENTEENTH DEFENSE

165.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

166.  This Defendant asserts that at all times relevant hereto, in performance and non-performance of the alleged acts in the Complaint did not perform any acts, or fail to perform any acts in bad faith, and in a malicious manner with corrupt motives, or with deliberate indifference, and therefore this Defendant is immune from suit.

### FOR AN EIGHTEENTH DEFENSE

167.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

168.  These Defendants assert as an affirmative defense the Public Duty Rule under South Carolina law.

### FOR A NINETEENTH DEFENSE

169.  These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

170.  These Defendants assert any other right, immunity or defense under the South Carolina Tort Claims Act (§ 15-78-10 *et seq*. of the South Carolina Code of Laws)

which was not previously raised herein as an affirmative defense to the Plaintiff's Complaint; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A TWENTIETH DEFENSE

171.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

172.    At all times relevant to the Complaint's allegations these Defendants necessarily were acting in defense and used no more force than was reasonably necessary for the protection of his person or others. Plaintiff's affirmative acts on the day in question constitute mitigating factors against the recovery sought.

## FOR A TWENTY-FIRST DEFENSE

173.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

174.    These Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiff, which exceeds the negligence and/or willfulness, if any, on the part of these Defendant, without which greater negligence and/or willfulness on the part of the Plaintiff, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiff is totally barred from recovery.

## FOR A TWENTY-SECOND DEFENSE

175.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

176.    Alternatively, these Defendants allege that if any injuries and damages were sustained by the Plaintiff, said injuries and damages were caused by the negligence and/or

23

willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of these Defendants and for that reason the Plaintiff's recovery, if any, shall be reduced in proportion to the amount of his own negligence.

## FOR A TWENTY-THIRD DEFENSE

177.   These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

178.   These Defendants allege that any personal injuries or property damages sustained by the Plaintiff, as alleged in the Complaint, were due to and caused by the sole acts of negligence, recklessness and wantonness on the part of the Plaintiff and that the sole negligence, recklessness and wantonness of the Plaintiff was the proximate cause of his injuries.

## FOR A TWENTY-FOURTH DEFENSE

179.   These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

180.   These Defendants allege that the Plaintiff knew or should have known of the dangers attendant in this action and also knew or should have known that by engaging in this conduct, he assumed the risk of being involved in the accident in the fashion in which he was. Nevertheless, the Plaintiff freely and voluntarily engaged in this conduct even though he knew or should have known of the attendant risks of doing so and that in so doing, he assumed the risk of being involved in the accident and sustained the injuries and damages for which he is now complaining.  Accordingly, his claim is barred.

## FOR A TWENTY-FIFTH DEFENSE

181.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

182.    That any force used by these Defendants was justified, reasonable, and necessary under the circumstances and these Defendants herein plead reasonable use of force as a bar and/or defense to the Plaintiff's claim.

## FOR A TWENTY-SIXTH DEFENSE

183.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

184.    These Defendants plead and assert the South Carolina Tort Claims Act as a complete and absolute defense and/or bar to the Plaintiff's claim.  That specifically, but without limitation, these Defendants plead and assert all statutes of limitations, conditions of recovery, limitations on recovery, exclusions from liability, immunities from liability and caps and/or limits on damages as are set forth herein.

## FOR A TWENTY-SEVENTH DEFENSE

185.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

186.    That at all times alleged in the Plaintiff's Complaint, these Defendants were performing functions and actions which were reasonably consistent with the rights of the Plaintiff and these Defendants are entitled to immunity as a matter of law,

## FOR A TWENTY-EIGHTH DEFENSE

187.    These Defendants adopt and reallege each and every allegation set forth above, and

not inconsistent herewith, as if fully repeated herein.

188.	That at all times alleged in the Plaintiff's Complaint these Defendants acted within proper bounds of their discretion and these Defendants plead and assert discretionary immunity as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR A TWENTY-NINTH DEFENSE

189.	These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

190.	These Defendants plead and assert immunity from liability for any alleged policy and/or custom and/or for any alleged claims based on Respondeat Superior under Monell v. Department of Social Services, 436 U.S. 1658 (1978).

## FOR A THIRTIETH DEFENSE

191.	These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

192.	These Defendants would show that their actions with regard to the Plaintiff were based upon an objectively reasonable right based upon the existing law, which objective reasonable rights are a complete bar to the Plaintiff's causes of actions against these Defendants.  Therefore, Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-FIRST DEFENSE

193.	These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

194.	These Defendants would show that in acting with regard to the Plaintiff, they had no knowledge that any such actions were in violation of any of the Plaintiff's clearly

established constitutional rights (which violations are specifically denied) which lack of knowledge is a complete bar in one or more of the Plaintiff's causes of actions against these Defendants. Therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-SECOND DEFENSE

195. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

196. These Defendants would show that their actions with regard to the Plaintiff were based upon an objectively reasonable reliance upon existing law, which objectively reasonable reliance is a complete bar to the Plaintiff's causes of action against these Defendants.

## FOR A THIRTY-THIRD DEFENSE

197. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

198. These Defendants assert absolute immunity with regard to the Plaintiff's claim; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A THIRTY-FOURTH DEFENSE

199. These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

200. These Defendants assert Sovereign Immunity as an affirmative defense.

## FOR A THIRTY-FIFTH DEFENSE

201. These Defendants adopt and reallege each and every allegation set forth above, and

not inconsistent herewith, as if fully repeated herein.

202.   To the extent it applies and creates a private cause of action, these Defendants plead

all rights and defenses under the Americans with Disabilities Act.

WHEREFORE, these Defendants above-named, having answered the Complaint of the

Plaintiff herein, respectfully requests the Court to dismiss the Plaintiff's Complaint, for costs in

this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*s/Charles F. Turner, Jr.*
Charles F. Turner, Jr. (Fed. I.D. 05849)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
**ATTORNEY FOR DEFENDANTS**
**SPARTANBURG COUNTY,**
**SPARTANBURG COUNTY SHERIFF'S**
**OFFICE AND SHERIFF CHUCK WRIGHT**

March 6, 2024