IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Terria Holcomb, as Personal Representaive For the Estate of Darius L.J. Holcomb,<br><br>Plaintiff,<br><br>vs.<br><br>Spartanburg County, Spartanburg County Sheriff's Office, Officer Wesley E. Bennett both individually and in his capacity as a deputy of the Spartanburg County Sheriff's Office and Chuck Wright, in his capacity as the Sheriff of the Spartanburg County Sheriff's Office,<br><br>Defendants. | **DEFENDANT OFFICER WESLEY E. BENNETT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>CA NO.: 7:24-CV-01145-JDA-KFM<br><br>**(JURY TRIAL REQUESTED)** |

This Defendant, Officer Wesley E. Bennett, both Individually and in his Capacity as Deputy of the Spartanburg County Sheriff's Office, above-named, answering the Complaint of the Plaintiff herein, would respectfully show as follows:

### FOR A FIRST DEFENSE

1. That except as is expressly admitted, modified or explained herein, each and every allegation of the Plaintiff's Complaint as is directed against Officer Wesley Bennett is denied, and strict proof thereof is demanded.

2. That as to the allegations of Paragraphs 1-8 of the Plaintiff's Complaint titled "Parties' Jurisdiction and Venue," except as admitted said allegations are denied.

3. That as to the allegations of Paragraph 1, strict proof is demanded.

4. That as to the allegations of Paragraph 2 and 3 of the Plaintiff's Complaint, said allegations are not directed at this Defendant and no response is indicated, however,

it is admitted upon information and belief that Spartanburg County is a government entity, that your Defendant acted at all times within in the scope and course of his official duties, and further, it is admitted that the Spartanburg County Sheriff's Office provided training and policies and supervision of deputies including Deputy Bennett.

5. That as to the allegations of Paragraph 4, same are admitted.

6. That as to the allegations of Paragraph 5, same are admitted upon information and belief. That as to the allegations of Paragraph 6, it is admitted upon information and belief that the allegations of the Plaintiff's Complaint are subject to the provisions of the South Carolina Tort Claims Act.

7. That as to the allegations of Paragraph 7, same are admitted upon information and belief.

8. That as to the allegations of Paragraph 8, strict proof is demanded as to any cognizable claim, and it is specifically denied that the Plaintiff has any viable cause of action as to Officer Bennett.

9. That as to the allegations of Paragraph 9 of the Plaintiff's Complaint, it is denied that this Defendant committed any act or omission to give rise to any claim, and it is denied that this Defendant in any way was negligent, grossly negligent, reckless, willful and/or wanton, and the allegations of Paragraph 9 are denied, and strict proof is demanded.

10. That as to the allegations of Paragraphs 10-28 titled, "Preliminary Statement," except as is expressly admitted, modified or explained, said allegations are denied.

11. That further, as to the allegations of Paragraphs 10-28, on February 2, 2023, Deputy

Wesley Bennett responded to an incident at 191 South Carolina Avenue in Spartanburg, South Carolina having been advised that Darius Holcomb was a barricaded subject who was attempting to avoid an arrest, and it was reported that he was armed with a weapon and threatening those at the scene. Upon information and belief, Darius Holcomb had not been judged incompetent so as not to be responsible for his actions or conduct. That upon information and belief, numerous attempts were made to negotiate with Darius Holcomb to serve warrants that were outstanding, which efforts were unsuccessful. That further, upon information and belief, Darius Holcomb was armed with a weapon placing your Defendant and others in an imminent and immediate danger of serious bodily harm and/or possibly death which necessitated the use of deadly force. That further, in response to the allegations of Paragraphs 10-28, it is denied that the Defendant used any excessive and/or unreasonable force as is alleged or implied in the "Preliminary Statement."

12. That except as is admitted, modified or explained, the allegations of the "Preliminary Statement," are denied and strict proof is demanded.

13. That as to the allegations of Paragraphs 29-83, titled, "Statement of Facts," this Defendant incorporates by reference the response to the allegations of Paragraphs 1-28 as if repeated verbatim.

14. That as to the allegations of Paragraphs 29-83, this Defendant incorporates by reference the response to the Plaintiff's "Preliminary Statement," consisting of Paragraphs 10-28.

15. That as to the allegations of Paragraph 29-83, it is admitted and alleged that on February 2, 2023, law enforcement officers were attempting to serve active

warrants on Darius Holcomb for various charges including but not limited to resisting arrest and that Darius Holcomb refused to comply with efforts to effectuate the service of those warrants and that Deputy Bennett responded to the incident to provide assistance. That upon information and belief, Darius Holcomb barricaded himself in a room and resisted all reasonable measures that were taken by officers to serve active warrants, and when the actions of Darius Holcomb placed your Defendant, and others, in imminent and immediate danger of serious harm or death, reasonable and necessary force was used which resulted in Holcomb's death.

16. That further, as to the allegations of Paragraphs 29-83, reference is craved to relevant body worn camera of officers on scene and statements of various witnesses for the true context of the factual allegations as are set out in the Complaint in Paragraphs 29-83, and otherwise, strict proof is demanded.

17. That further, in response to the allegations of Paragraphs 29-83, the allegations of Paragraphs 78, 80, 81, 82 and 83 of the Complaint, are more specifically denied, and strict proof is demanded.

18. That except as is admitted, modified or explained herein, the allegations of Paragraphs 29-83, are denied, and strict proof is demanded.

19. That as to the allegations of Paragraphs 84-90 of the Complaint titled, "COUNT ONE," said allegations are denied, and strict proof thereof is demanded.

20. That as to the allegations of Paragraphs 91-96 titled, "COUNT TWO," of the Plaintiff's Complaint, said allegations are denied, and strict proof thereof is demanded.

21. That as to the allegations of Paragraphs 97-100 titled, "COUNT THREE," of the

Plaintiff's Complaint, said allegations are denied, and strict proof thereof is demanded.

22. That as to the allegations of Paragraphs 101-107 titled, "COUNT FOUR," said allegations are denied, and strict proof thereof is demanded.

23. That as to the allegations of Paragraphs 108-110 titled, "COUNT FIVE," said allegations are denied, and strict proof thereof is demanded.

24. That as to the allegations of Paragraphs 111-115 titled, "COUNT SIX," said allegations are denied, and strict proof thereof is demanded.

25. That as to the allegations of Paragraphs 116-120 titled, "COUNT SEVEN," said allegations are denied, and strict proof thereof is demanded.

26. That as to the allegations of Paragraphs 121-124 titled, "COUNT EIGHT," said allegations are denied and strict proof thereof is demanded.

27. That as to the allegations of Paragraphs 125-129 titled, "COUNT NINE- WRONGFUL DEATH," said allegations are denied, and strict proof thereof is demanded.

28. That as to the allegations of Paragraphs 130-134 titled, "COUNT TEN- SURVIVAL," said allegations are denied, and strict proof thereof is demanded.

## FOR A SECOND DEFENSE

29. The Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b).

## FOR A THIRD DEFENSE

30. Wesley Bennett did not violate and clearly established constitutional right of the Plaintiff, and he pleads and asserts qualified immunity as a defense and as a bar to

this suit.

## FOR A FOURTH DEFENSE

31. That at all times alleged in the Plaintiff's Complaint, this Defendant was performing functions and actions which were reasonably consistent with the rights of the Plaintiff, and this Defendant is entitled to absolute immunity as a matter of law.

## FOR A FIFTH DEFENSE

32. That at all times alleged in the Plaintiff's Complaint, this Defendant acted within proper bounds of his discretion, and therefore, pleads and asserts discretionary immunity as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR A SIXTH DEFENSE

33. That at all times alleged in the Plaintiff's Complaint, this Defendant acted in good faith and without ill will or malice, and is accordingly entitled to good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from this Defendant.

## FOR AN SEVENTH DEFENSE

34. That any force used by Deputy Bennett was justified, reasonable, and necessary under the circumstances, and the Defendant herein pleads reasonable use of force as a bar and/or defense to the Plaintiff's claim.

## FOR AN EIGHTH DEFENSE

35. That the occurrences alleged in the Plaintiff's Complaint and any damages asserted by the Plaintiff as a result thereof were due to the negligent, reckless, wanton and

criminal acts of Darius Holcomb, and same is asserted as a complete bar to any recovery by the Plaintiff from this Defendant.

## FOR A NINTH DEFENSE

36. That this Defendant pleads and asserts the South Carolina Tort Claims Act as a complete and absolute defense and/or bar to the Plaintiff's claim. That specifically, but without limitation, this Defendant pleads and asserts all statutes of limitations, conditions of recovery, limitations on recovery, exclusions from liability, immunities from liability and caps and/or limits on damages as are set forth therein.

## FOR A TENTH DEFENSE

37. That this Defendant pleads and asserts the provisions of S.C. Code Ann. §15-78-30 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR AN ELEVENTH DEFENSE

38. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-60(1)(2)(3)(4)(5)(6)(20) and (25) as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR A TWELFTH DEFENSE

39. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-70 as a complete and absolute

defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR A THIRTEENTH DEFENSE

40. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. §15-78-100 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR A FOURTEENTH DEFENSE

41. That this Defendant pleads and asserts the provisions of S.C. Code Ann. §15-78-120 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Complaint.

## FOR A FIFTEENTH DEFENSE

42. This Defendant pleads and asserts the provisions of S.C. Code Ann. §15-78-200 as an additional and affirmative defense.

## FOR A SIXTEENTH DEFENSE

43. That there was no negligence, recklessness, gross negligence, and/or wantonness on the behalf of this Defendant which proximately caused the alleged damages referred to in the Plaintiff's Complaint.

## FOR A SEVENTEENTH DEFENSE

44. That this Defendant pleads and asserts the public duty rule and/or public duty doctrine as a complete and absolute defense and/or bar to the Plaintiff's Complaint.

## FOR AN EIGHTEENTH DEFENSE

45. That this Defendant pleads and asserts that there are no acts or omissions of deliberate indifference, gross negligence, and/or negligence to support any claim

by the Plaintiff against this Defendant.

### FOR A NINETEENTH DEFENSE

46. That Deputy Bennett used reasonable force and necessary force to defend himself and others.

### FOR A TWENTIETH DEFENSE

47. That upon information and belief, Deputy Bennett's actions were reasonable, appropriate and necessary in light of his reasonable belief that he and/or other officers were in danger of serious bodily harm and/or death by the actions of Darius Holcomb.

### FOR A TWENTY-FIRST DEFENSE

48. That to the extent the decedent, by his own actions, exposed himself to possible harm or injury, this Defendant pleads and asserts the comparative fault of the Plaintiff as a complete bar to any recovery by the Plaintiff from this Defendant and/or in the alternative Deputy Bennett pleads the comparative fault of the Plaintiff in mitigation of any damages sought to be recovered from him in this action.

>WHEREFORE, the Defendant, Wesley Bennett, having fully answered the allegations of the Complaint of the Plaintiff, prays as follows:
>
>1. That the Plaintiff's Complaint be dismissed; and
>2. That this Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CHAPMAN, HARTER, P.A.**

s/Russell W. Harter, Jr.
Russell W. Harter, Jr.
14 Lavinia Avenue (29601)
P.O. Box 10224 (29603)
Greenville, South Carolina
T: (864) 233-4500 / F: (864) 232-1710
E: rwhjr@chhlaw.net
**ATTORNEY FOR DEFENDANT
OFFICER WESLEY E. BENNETT**

Greenville, South Carolina
March 8, 2024