**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Terria Holcomb, as Personal Representative for the Estate of Darius L.J. Holcomb, <br><br> Plaintiff, <br><br> vs. <br><br> Spartanburg County, Spartanburg County Sheriff's Office, Officer Wesley E. Bennett Sheriff Chuck Wright, City of Spartanburg, Dylan Davis and Sean Jacob Coats <br><br> Defendants. | **DEFENDANT OFFICER WESLEY E. BENNETT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** <br><br> CA NO.: 7:24-CV-01145-JDA-KFM <br><br> **(JURY TRIAL REQUESTED)** |

Defendant, Officer Wesley E. Bennett, answering the Amended Complaint of the Plaintiff herein, would respectfully show as follows:

<u>**FOR A FIRST DEFENSE**</u>

1. That except as is expressly admitted, modified or explained herein, each and every allegation of the Plaintiff's Amended Complaint as is directed against Wesley Bennett is denied, and strict proof thereof is demanded.

2. That as to the allegations of Paragraphs 1-15 of the Plaintiff's Amended Complaint titled "Parties, Jurisdiction and Venue," except as is expressly admitted, modified or explained, each and every allegation of the Plaintiff's Amended Complaint as is directed against Wesley E. Bennett is denied, and strict proof thereof is demanded.

3. That as to the allegations of Paragraph 1 of the Plaintiff's Amended Complaint, strict proof is demanded.

4. That as to the allegations of Paragraphs 2 through 5 of the Plaintiff's Amended Complaint, same do not appear to be directed at this Defendant, and no response is indicated. That to the extent the allegations of Paragraphs 2 through 5 are directed at this Defendant, strict proof thereof is demanded.

5. That as to the allegations of Paragraph 6, any claims as to the Sheriff's office and/or any deputy of the Sheriff's office including this Defendant are subject to the provisions of the South Carolina Tort Claims Act which is set forth in §15-78-10 S.C. Code of Laws as Amended. That otherwise, strict proof is demanded of the allegations of Paragraph 6.

6. That as to the allegations of Paragraph 7, it is admitted that deputies serving at the leisure of the Sheriff of Spartanburg County have required training, and there are rules and/or general orders which relate to their actions, duties and responsibilities. Otherwise, strict proof is demanded of the allegations of Paragraph 7.

7. That as to the allegations of Paragraph 8, it is admitted that Chuck Wright was at relevant times the duly elected Sheriff of Spartanburg County. Otherwise, strict proof is demanded.

8. That as to the allegations of Paragraph 9, same do not appear to be directed at this Defendant, and no response is indicated.

9. That as to the allegations of Paragraph 10, it is admitted that Defendant Coats, at relevant dates, was a deputy for the Sheriff of Spartanburg County and performed duties attendant thereto.

10. That as to the allegations of Paragraph 11, it is admitted that this Defendant is a deputy serving at the leisure of the Sheriff of Spartanburg County and that this

Defendant, at all times, acted within the scope and course of his official duties as a deputy for the Sheriff. Strict proof is demanded as to any viable or cognizable claim as to this Defendant.

11. That as to the allegations of Paragraph 12, it is denied, upon information and belief, that there were separate, multiple and distinct occurrences for purposes of Tort Claims Act liability, and strict proof thereof is demanded.

12. That as to the allegations of Paragraph 13, it is admitted and alleged that any state law claims filed relative to the incident alleged in the Plaintiff's Amended Complaint are subject to the provisions of the South Carolina Tort Claims Act S.C Code Ann. §15-78-10 et. seq.

13. That as to the allegations of Paragraph 14, it is denied and alleged that the Plaintiff has any viable claim as to this Defendant, but it is admitted that the acts and/or occurrences alleged in the Plaintiff's Amended Complaint occurred in Spartanburg County, South Carolina.

14. That as to the allegations of Paragraph 15, this Defendant incorporates by reference the response to the allegations of Paragraph 14, above.

15. That otherwise, the allegations of Paragraphs 1-15 of the Plaintiff's Amended Complaint are denied, and strict proof thereof is demanded.

16. That as to the allegations of Paragraph 16 through 93 titled, "FACTUAL BACKGROUD," except as is expressly admitted, modified or explained herein, strict proof thereof is demanded.

17. That as to the allegations of Paragraph 16 through 61 of the Plaintiff's Amended Complaint, this Defendant is without specific and sufficient information with which

to admit or deny same, therefore, same as framed are denied. That further in response to the allegations of Paragraphs 16 through 61, most of those allegations do not appear to be directed at this Defendant.

18. That as to the allegations of Paragraphs 62 through 88, except as expressly admitted, modified or explained, said allegations as framed are denied upon information and belief. That further in response to the allegations of Paragraphs 62 through 88, it is admitted and alleged that on February 2, 2023, Deputy Bennett was made aware that warrant deputies were attempting to locate a wanted subject at 191 South Carolina Avenue and that the subject was armed with a knife and threatening officers on scene. It is further admitted and alleged that this Defendant responded to the incident location and was informed that the subject, Holcomb, was wanted on a sex offender violation and 2 active warrants for resisting arrest. It is further admitted and alleged that officers on scene attempted to use chemical munition in an effort to take the Plaintiff into custody after he had barricaded himself in a bedroom. It is further admitted, upon information and belief, that a K-9 officer was used in an attempt to apprehend the Plaintiff, and that in the process, the Plaintiff attacked and injured the K-9 with an edged weapon. It is further admitted and alleged that the Plaintiff was in close proximity, and under the circumstances, the Plaintiff's actions posed a threat of immediate and imminent danger of possible death and/or serious bodily injury to this Defendant and other officers which necessitated and justified a use of deadly force. That such actions were reasonable and necessary to protect and defend other officers on scene and this Defendant. That it is admitted that Darius Holcomb died as a result of this

encounter. Otherwise, except as admitted and/or explained herein, strict proof is demanded as to the allegations of Paragraphs 62 through 88.

19. That as to the Paragraphs 89 through 90, this Defendant is without sufficient information with which to admit or deny same, and same is therefore denied. That further in response to the allegations of Paragraphs 89 through 90, this Defendant had no knowledge and/or information regarding any alleged mental health issue or history with respect to the Plaintiff.

20. That as to the allegations of Paragraph 91, this Defendant incorporates by reference his response to the allegations of Paragraphs 62 through 88 and his response to the allegations of Paragraph 90 of the Plaintiff's Amended Complaint.

21. That as to the allegations of Paragraphs 92 and 93, this Defendant is without sufficient information with which to admit or deny same. That further in response to the allegations of Paragraphs 92 and 93, this Defendant, at relevant times and dates, had no information or knowledge regarding the Plaintiff's alleged mental health issues.

22. That except as is expressly admitted, modified or explained to the extent the allegations of Paragraphs 16 through 93 are directed at this Defendant, same are denied, and strict proof thereof is demanded.

23. That as to the allegations of Plaintiff's FIRST CAUSE OF ACTION consisting of Paragraphs 94 through 98 titled, "Negligence, Gross Negligence, and Recklessness," said allegations do not appear to be directed at this Defendant, and no response is indicated. To the extent said allegations are directed at this Defendant and/or to the extent said allegations imply or suggest there was any act

of negligence, gross negligence, or recklessness on behalf of this Defendant, same are denied, and strict proof thereof is demanded.

24. That as to the allegations of Plaintiff's SECOND CAUSE OF ACTION consisting of Paragraphs 99 through 103 titled, "Wrongful Death," said allegations do not appear to be directed at this Defendant, and no response is indicated. That to the extent said allegations are directed at this Defendant and/or to the extent said allegations imply that this Defendant in any way caused and/or is responsible for the damages alleged in Plaintiff's SECOND CAUSE OF ACTION, same are denied, and strict thereof is demanded.

25. That as to the allegations of Plaintiff's THIRD CAUSE OF ACTION consisting of Paragraphs 104 through 111 titled, "Survival," said allegations do not appear to be directed at this Defendant, and not response is indicated. To the extent that the allegations of Plaintiff's THIRD CAUSE OF ACTION are directed at this Defendant and/or to the extent said allegations imply or suggest that this Defendant caused and/or is responsible for the damages or injuries alleged therein, same are denied, and strict proof thereof is demanded.

26. That as to the allegations of Plaintiff's FOURTH CAUSE OF ACTION consisting of Paragraphs 112 through 121 titled, "Violation of Title II of the Americans With Disabilities Act," said allegations do not appear to be directed at this Defendant, and no response is indicated. To the extent, however, the allegations of Plaintiff's FOURTH CAUSE OF ACTION are directed at this Defendant and/or imply any violation of the Americans With Disabilities Act by this Defendant, same are denied, strict proof thereof is demanded.

27. That as to the allegations of Plaintiff's FIFTH CAUSE OF ACTION consisting of Paragraphs 122 through 130 titled, "Violation of Section 504 of the Rehabilitation Act," said allegations do not appear to be directed at this Defendant, and no response is indicated. To the extent the Plaintiff's FIFTH CAUSE OF ACTION, however, is directed at this Defendant, it is denied that this Defendant in any way committed any violation of Section 504 of the Rehabilitation Act.

28. That as to the allegations of Plaintiff's SIXTH CAUSE OF ACTION consisting of Paragraphs 131 through 136 titled, "Assault and Battery," said allegations, as framed, are denied, and strict proof thereof is demanded. That further, in response to the allegations of Plaintiff's SIXTH CAUSE OF ACTION, it is alleged that this Defendant, at all times, acted in good faith, in self defense, and in defense of other officers on scene. That further, in response to the allegations of Plaintiff's SIXTH CAUSE OF ACTION, it is denied that this Defendant is liable, and further, this Defendant pleads and asserts immunities applicable to under the South Carolina Tort Claims Act as are set forth in §15-78-10 et. seq. and §15-78-30, §15-78-60, and §15-78-120. Further, as to the Plaintiff's SIXTH CAUSE OF ACTION, this Defendant pleads and asserts that this action is time barred by §15-78-110.

29. That as to the allegations of Plaintiff's SEVENTH CAUSE OF ACTION consisting of Paragraphs 137 through 148 titled, "42 U.S.C. §1983- Unlawful Use of Excessive Force/ Unlawful Seizure," the allegations of Paragraphs 139 and 140 are admitted. That as to the allegations of Paragraphs 137 and 141-148, said allegations as framed are denied, and strict proof is demanded. That further, in response to the allegations of Plaintiff's SEVENTH CAUSE OF ACTION, it is admitted and

alleged that at all times relevant, this Defendant acted reasonably and out of necessity in defense of himself and other officers on scene. Otherwise, except as is expressly admitted, modified or explained, the allegations of Plaintiff's SEVENTH CAUSE OF ACTION are denied, and strict proof is demanded.

30. That as to the allegations of Plaintiff's EIGHTH CAUSE OF ACTION consisting of Paragraphs 149 through 154 titled, "42 U.S.C. §1983- Municipal Liability," said allegations do not appear to be directed at this Defendant, and no response is indicated. That to the extent the allegations of Plaintiff's EIGHTH CAUSE OF ACTION are directed at this Defendant and/or to the extent Plaintiff's EIGHTH CAUSE OF ACTION suggests or implies liability based on the actions of this Defendant, same are denied, and strict proof thereof is demanded.

## FOR A SECOND DEFENSE

31. The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and the Plaintiff's Amended Complaint should be dismissed pursuant to FRCP 12(b).

## FOR A THIRD DEFENSE

32. Wesley Bennett did not violate and clearly established constitutional right of the Plaintiff, and he pleads and asserts qualified immunity as a defense and as a bar to this suit.

## FOR A FOURTH DEFENSE

33. That at all times alleged in the Plaintiff's Amended Complaint, this Defendant was performing functions and actions which were reasonably consistent with the rights of the Plaintiff, and this Defendant is entitled to absolute immunity as a matter of

law.

## FOR A FIFTH DEFENSE

34. That at all times alleged in the Plaintiff's Amended Complaint, this Defendant acted within proper bounds of his discretion, and therefore, pleads and asserts discretionary immunity as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Amended Complaint.

## FOR A SIXTH DEFENSE

35. That at all times alleged in the Plaintiff's Amended Complaint, this Defendant acted in good faith and without ill will or malice and is accordingly entitled to good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from this Defendant.

## FOR A SEVENTH DEFENSE

36. That any force used by Deputy Bennett was justified, reasonable, and necessary under the circumstances, and the Defendant herein pleads reasonable use of force as a bar and/or defense to the Plaintiff's claim.

## FOR AN EIGHTH DEFENSE

37. That the occurrences alleged in the Plaintiff's Amended Complaint and any damages asserted by the Plaintiff as a result thereof were due to the negligent, reckless, wanton and criminal acts of Darius Holcomb, and same is asserted as a complete bar to any recovery by the Plaintiff from this Defendant.

## FOR A NINTH DEFENSE

38. That this Defendant pleads and asserts the South Carolina Tort Claims Act as a

complete and absolute defense and/or bar to the Plaintiff's claim. That specifically, but without limitation, this Defendant pleads and asserts all statutes of limitations, conditions of recovery, limitations on recovery, exclusions from liability, immunities from liability and caps and/or limits on damages as are set forth therein.

### FOR A TENTH DEFENSE

39. That this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-30 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Amended Complaint.

### FOR AN ELEVENTH DEFENSE

40. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-60(1)(2)(3)(4)(5)(6)(20) and (25) as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Amended Complaint.

### FOR A TWELFTH DEFENSE

41. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-70 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Amended Complaint.

### FOR A THIRTEENTH DEFENSE

42. That further and more specifically, but without limitation, this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-100 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Amended Complaint.

### FOR A FOURTEENTH DEFENSE

43. That this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-110 as an additional and affirmative defense.

**FOR A FIFTEENTH DEFENSE**

44. That this Defendant pleads and asserts the provisions of S.C. Code Ann. § 15-78-120 as a complete and absolute defense and/or bar to the allegations of the Plaintiff's Amended Complaint.

**FOR A SIXTEENTH DEFENSE**

45. This Defendant pleads and asserts the provisions of S.C. Code Ann. §15-78-200 as an additional and affirmative defense.

**FOR A SEVENTEENTH DEFENSE**

46. That there was no negligence, recklessness, gross negligence, and/or wantonness on the behalf of this Defendant which proximately caused the alleged damages referred to in the Plaintiff's Amended Complaint.

**FOR AN EIGHTEENTH DEFENSE**

47. That this Defendant pleads and asserts the public duty rule and/or public duty doctrine as a complete and absolute defense and/or bar to the Plaintiff's Amended Complaint.

**FOR A NINETEENTH DEFENSE**

48. That this Defendant pleads and asserts that there are no acts or omissions of deliberate indifference, gross negligence, and/or negligence to support any claim by the Plaintiff against this Defendant.

**FOR A TWENTIETH DEFENSE**

49. That Deputy Bennett used reasonable force and necessary force to defend himself and other officers.

**FOR A TWENTY-FIRST DEFENSE**

50. That upon information and belief, Deputy Bennett's actions were reasonable, appropriate and necessary in light of his reasonable belief that he and/or other officers were in danger of serious bodily harm and/or death by the actions of Darius Holcomb.

**FOR A TWENTY-SECOND DEFENSE**

51. That to the extent the decedent, by his own actions, exposed himself to possible harm or injury, this Defendant pleads and asserts the comparative fault of the Plaintiff as a complete bar to any recovery by the Plaintiff from this Defendant and/or in the alternative Deputy Bennett pleads the comparative fault of the Plaintiff in mitigation of any damages sought to be recovered from him in this action.

WHEREFORE, the Defendant, Wesley Bennett, having fully answered the allegations of the Amended Complaint of the Plaintiff, prays as follows:

1. That the Plaintiff's Amended Complaint be dismissed; and
2. That this Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CHAPMAN, HARTER, P.A.**

13 | P a g e

                     <u>s/Russell W. Harter, Jr.</u>
                     Russell W. Harter, Jr.
                     14 Lavinia Avenue (29601)
                     P.O. Box 10224 (29603)
                     Greenville, South Carolina
                     T: (864) 233-4500 / F: (864) 232-1710
                     E: rwhjr@chhlaw.net
                     **ATTORNEY FOR DEFENDANT**
                     **OFFICER WESLEY E. BENNETT**

Greenville, South Carolina
May 23, 2025