IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Terria Holcomb, as Personal Representative for the Estate of Darius L.J. Holcomb, | ) ) ) | Case No.: 7:24-cv-1145-JDA-KFM |
| Plaintiff, | ) ) ) | **CONSENT THIRD AMENDED SCHEDULING ORDER** |
| v. | ) ) | |
| Spartanburg County, Spartanburg County Sheriff's Office, Officer Wesley E. Bennett, Sheriff Chuck Wright, City of Spartanburg, Dylan Davis, and Sean Jacob Coats, | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **May 8, 2025**.[1] At the conference, the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. The parties have stipulated to waive all initial disclosures under Fed. R. Civ. P. 26(a)(1).[3]

3. No later than **May 13, 2025**, Plaintiff shall file an Amended Complaint incorporating all parties and claims joined to this action pursuant to this Court's order of May 1, 2025, consolidating *Terria Holcomb, Personal Representative for the Estate of Darius L.J. Holcomb v. Spartanburg County, Spartanburg County Sheriff's Office, Officer Wesley E. Bennett, and Sheriff Chuck Wright*, C/A No. 7:24-cv-01145-JDA-KFM ("the *County* case") with *Holcomb v. City of Spartanburg, Dylan Davis, and Sean Jacob Coats*, 7:25-cv-02731-JDA-KFM ("the *City* case"). ECF No. 18.

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to the plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See Notice of Availability of United States Magistrate Judge form attached to original scheduling order.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01 (D.S.C.).

4. No later than **May 23, 2025**, the parties shall file a Rule 26(f) report in the form attached to the original scheduling order. Parties are hereby notified that Local Civil Rule 26.03 (D.S.C.) lists additional queries to be answered in the Rule 26(f) report.

5. Motions to join other parties and amend the pleadings shall be filed no later than **June 30, 2025**. All motions to amend pleadings must be accompanied by a proposed amended pleading.

6. Except as described in ¶ 9 of this order, discovery shall be completed no later than **January 19, 2026**. All discovery requests, including subpoenas duces tecum, shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No extension of this deadline will be permitted without leave of court. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge McDonald in an attempt to resolve the matter informally.

7. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom the plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by FED. R. CIV. P. 26(a)(2)(B) has been disclosed to other parties by **December 31, 2025**.

8. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom the defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by FED. R. CIV. P. 26(a)(2)(B) has been disclosed to other parties by **February 12, 2026**.

9. Expert witness discovery shall be completed no later than **April 13, 2026**. All discovery requests relating to another party's expert witness, including subpoenas duces tecum, shall be served in time for the responses thereto to be served by this date. De bene esse depositions of identified experts must be completed by this expert discovery deadline. No extension of this deadline will be permitted without leave of court. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge McDonald in an attempt to resolve the matter informally

10. Mediation, pursuant to Local Civil Rules 16.04-16.12 (D.S.C.), shall be completed in this case on or before **May 4, 2026**.[4] See form attached to original scheduling order setting

---

[4] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy

forth mediation requirements. At least thirty (30) days prior to this mediation deadline, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the mediation initiation form attached to the original scheduling order and return it to the court no later than thirty (30) days prior to the mediation deadline.

11. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to FED. R. CIV. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **May 18, 2026**.

12. Counsel shall file and serve a document identifying all records custodian witnesses proposed to be presented by affidavit at trial and certifying that appropriate affidavits with attached records have been served on other parties no later than **June 29, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. See FED. R. EVID. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.).

13. Unless otherwise ordered by the court, this case is subject to being called for jury selection and trial after the expiration of the deadline in ¶ 11 OR thirty (30) days following the issuance of a report and recommendation on any motion described in ¶ 11 of this order, whichever is later.

**IT IS SO ORDERED.**

s/Kevin F. McDonald
United States Magistrate Judge

October 14, 2025
Greenville, South Carolina

---

limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.